UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE GONZALEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGESTONE RETAIL OPERATIONS, )<br>LLC )<br>)<br>Defendant. )<br>) | Civil Action No.: 14-14144 |

# COMPLAINT

This Complaint arises from the actions of Defendant Bridgestone Retail Operations, LLC ("Bridgestone"), in subjecting Plaintiff Jose Gonzalez to unlawful employment practices under the federal Fair Labor Standards Act ("FLSA"), Massachusetts Minimum Fair Wage Law ("MMFWL"), Massachusetts Wage Act, and the premium rate payment provision of the Massachusetts Blue Laws. Gonzalez further brings common-law claims for breach of contract and unjust enrichment. Finally, this Complaint seeks declaratory judgment that: (i) no enforceable arbitration agreement arose between the Parties when Gonzalez was required to check a box on-line acknowledging that he "reviewed" a Employee Dispute Resolution Plan in order to electronically submit an employment application; or, in the alternative, that (ii) Bridgestone's material breach and change of its employment agreement with Gonzalez renders any purported arbitration agreement invalid.

**Parties**

1. Plaintiff Jose Gonzalez is an adult resident of Brockton, Massachusetts.

2. Defendant Bridgestone is a Delaware limited liability company that has been registered with the Massachusetts Secretary of State since November 21, 2001. Bridgestone's principal office is located at 333 East Lake Street in Bloomingdale, Illinois.

3. From approximately July 10, 2013, through February 1, 2014, Gonzalez was employed by Bridgestone as a senior auto technician at its Firestone Complete Auto Care retail stores in West Roxbury and Brockton, Massachusetts.

**Jurisdiction and Venue**

4. On or about August 6, 2014, Gonzalez filed a Wage and Hour Complaint against Bridgestone with the Massachusetts Attorney General's Office ("AGO").

5. On or about October 6, 2014, the AGO issued Gonzalez an Authorization for Immediate Private Suit against Bridgestone.

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 207 and 28 U.S.C. § 1331, as the instant suit involves a federal question of law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a).

**Factual Allegations**

8. On or about May 23, 2013, Gonzalez applied on-line for a position with Bridgestone.

9. In order to submit his on-line application, Gonzalez was required to check a box acknowledging that he had "reviewed" Bridgestone's Employee Dispute Resolution Plan which purportedly would govern any disputes "concerning [his] application and, if later hired, [his] employment or the termination of [his] employment with Bridgestone." A copy of Gonzalez' job application with the acknowledgment is attached hereto as Exhibit A.

10. On or about June 24, 2013, Gonzalez was hired as a non-exempt automobile technician in Bridgestone's Retail Stores Division with a regular rate of pay of $18.00 per hour.

11. Gonzalez began work at Bridgestone's Firestone Complete Auto Care retail store in West Roxbury, Massachusetts, on or about July 10, 2013.

12. On or about November 11, 2013, Gonzalez began working at Bridgestone's Firestone Complete Auto Care retail store in Brockton, Massachusetts.

13. Notwithstanding Bridgestone's agreement with Gonzalez to pay him $18.00 per hour, Gonzalez was only paid for time spent performing certain types of work during his shift, with the result that he was frequently paid at an hourly rate lower than $18.00 for all regular hours he worked. Gonzalez was further not paid at one and one-half times his regular rate of pay, or $27.00 per hour, for all hours worked in excess of forty per week, or for all hours worked on Sundays and holidays.

14. The average hourly rate paid to Plaintiff varied from week to week, sometimes dropping to as low as $12.19 per hour.

15. Based on Gonzalez' paystubs from July 19, 2013, through January 17, 2014, he is owed approximately $3,800.00 in unpaid straight time, overtime, Sunday, and holiday pay.

16. Gonzalez ceased working for Bridgestone on February 1, 2014.

## COUNT I
### Declaratory Judgment

17. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

18. There is an actual controversy between Plaintiff and Defendant, as Defendant has failed to pay Plaintiff at the hourly rated agreed upon by the Parties, thereby breaching Plaintiff's employment agreement.

19. Plaintiff believes that Defendant will seek to enforce a purported Employee Dispute Resolution Plan.  Plaintiff was required to acknowledge he had "reviewed" Defendant's Employee Dispute Resolution Plan by checking a box on-line in order to electronically submit an employment application.

20. Under Massachusetts law, Plaintiff's acknowledgement that he "reviewed" Defendant's Employee Dispute Resolution Plan did not create an agreement to arbitrate between the Parties.

21. In the alternative, according to the laws of the Commonwealth, an employer's material breach of an employment agreement forms a new at-will employment contract, and the employee is excused from performing his obligations under the prior agreement. Defendant materially breached and changed its employment agreement with Plaintiff when it unilaterally, repeatedly, and without notice changed and reduced his regular hourly rate of pay, as alleged above.  Thus, Plaintiff's prior employment agreement, including but not limited to any purported arbitration agreement, with Defendant is void.

22. For these reasons, Plaintiff is entitled to a declaratory judgment that:  (i) Plaintiff did not enter into an agreement to arbitrate when he was required to check a box acknowledging that he "reviewed" a Employee Dispute Resolution Plan in order to submit an employment application to Defendant; or, in the alternative, that (ii) Defendant's material breach of its employment agreement with Plaintiff voided the Parties' prior employment contract, excused Plaintiff from performing his obligations under the Parties' prior employment contract, and/or created a new at-will employment contract of which the Employee Dispute Resolution Plan was not a term.

**COUNT II**
**Violation of 29 U.S.C. § 207**
**(Federal Fair Labor Standards Act)**

23. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

24. FLSA prohibits an employer from employing any of its employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207 (a).

25. By its failure to compensate Plaintiff at a rate of not less than one and one-half times the regular rate at which he was employed for all hours worked in excess of forty per week, Defendant has violated FLSA and caused Plaintiff harm.

**COUNT III**
**Violation of M.G. L. c. 151, § 1A**
**(Massachusetts Minimum Fair Wage Act)**

26. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

27. MMFWL prohibits an employer in the Commonwealth from employing any of his employees in an occupation for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. *See* M.G.L. c. 151, § 1A.

28. By its failure to pay Plaintiff at a rate of not less than one and one-half times his regular rate of pay for all hours worked in excess of forty hours, Defendant has violated MMFWL and caused Plaintiff harm.

**COUNT IV**
**Violation of M.G.L. c. 149, § 148**
**(Massachusetts Wage Act)**

29. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

30. The Wage Act requires an employer to pay weekly or bi-weekly each such employee the wages earned by him within six days of the termination of the pay period during which the wages were earned.  *See* M.G.L. c. 149, § 148.

31. By its failure to pay Plaintiff all wages earned, Defendant has violated the Wage Act and caused Plaintiff harm.

**COUNT V**
**Violation of M.G.L. c. 136, § 6 (50)**
**(Massachusetts Blue Laws)**

32. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

33. Under Massachusetts law, a retail establishment shall compensate all employees engaged in work performed on a Sunday or holiday at a rate not less than one and one-half times the employee's regular rate of pay.

34. For the purpose of the Blue Laws, Plaintiff was employed at retail establishments owned and operated by Defendant.

35. By its failure to pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked on Sundays and holidays, Defendant has violated the Blue Laws and caused Plaintiff harm.

## COUNT VI
### Breach of Contract

36. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

37. Plaintiff and Defendant had a contractual employment relationship which contained both express and implied terms. One of the terms of Plaintiff's employment agreement was compensation at the regular rate of pay of $18.00 per hour.

38. By its failure, *inter alia*, to compensate Plaintiff at the regular rate of pay $18.00 per hour, Defendant has breached the terms of its contract with Plaintiff and caused Plaintiff harm.

## COUNT VII
### Unjust Enrichment

39. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

40. In the alternative, should this Court find no remedy at law available to Plaintiff, Plaintiff pleads unjust enrichment.

41. Defendant received substantial monetary benefit from the unpaid and/or underpaid work which Plaintiff performed and from compensating Plaintiff at a level below that agreed upon and/or that prescribed by federal and state law.

42. For the reasons set forth herein, under the circumstances it would be inequitable for Defendant to retain the monetary benefit it has received from the unpaid work that Plaintiff performed and from compensating Plaintiff at a level below that agreed upon and/or prescribed by federal and state law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff claims:

i. Declare and determine unenforceable under Massachusetts law the purported Employee Dispute Resolution Plan, an acknowledgment of which Plaintiff was required to electronically check in order to submit an employment application;

ii. Unpaid wages, overtime, and Sunday and holiday compensation in an amount consistent with FLSA, MMFWL, Wage Act, and Blue Laws;

iii. Treble damages and/or liquidated damages pursuant to FLSA, MMFWL, and Wage Act;

iv. Damages for harm arising out of Defendant's breach of contract;

v. Restitution of Defendant's unjust enrichment;

vi. Other damages in an amount to be determined, including but not limited to damages for out-of-pocket expenses and other monetary losses;

vii. Costs and attorney's fees pursuant to FLSA, MMFWA and Wage Act; and

viii. Such other legal or equitable relief as the Court may award.

## DEMAND FOR JURTY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
JOSE GONZALEZ
By his attorneys:

/s/ Rebecca C. E. Tatem
Emily Smith-Lee (BBO# 634223)
esmithlee@slnlaw.com
Rebecca C. E. Tatem (BBO#682787)
btatem@slnlaw.com
Smith Lee Nebenzahl LLP
One Post Office Square
Sharon, MA 02067
782-784-2000
781-793-0600 (facsimile)

Dated:  November 12, 2014